# EXHIBIT G

<u>SETTLEMENT AGREEMENT</u>

This Settlement Agreement ("Agreement") is entered into by and between Plaintiffs Steve Segal, Todd Terry, Robin Hougdahl, Nick Hammer, and Bradley Clasen ("Plaintiffs"), individually, and as putative representatives of the Settlement Class (defined in paragraph 3.2 below) and defendants Christopher Ferguson and Howard Lederer (collectively, "Defendants"), subject to preliminary and final approval by the United States District Court for the District of Nevada ("District Court").

## I.   <u>RECITALS</u>

This Agreement is made with reference to and in contemplation of the following facts and circumstances.

A.   <u>The Action.</u>  Plaintiffs brought the *Segal, et al., v. Lederer, et al.,* 12-cv-00601, action (the "Action") pending in this District Court.[1]  The Action, which was brought as a class action, alleges that Defendants executed a scheme involving the Full Tilt Poker online gaming enterprise whereby they accepted player deposits in contravention of federal gambling laws through the use of shell corporations and then, despite repeated statements and representations to the contrary, converted the player funds and dispersed them into company and private accounts. Plaintiffs further alleged that Defendants, by and through Full Tilt Poker, misled the Settlement Class, funneled funds from Player Accounts through improper channels, including shell companies used to mislead payment processors, and enriched themselves and others to the detriment of the Settlement Class.  Plaintiffs alleged in the Action a cause of action for conversion, based on the alleged misappropriation of money by the Defendants.

B.   <u>Settlement.</u>  Class Counsel have investigated the facts relating to the claims alleged and the underlying events and transactions in the Action and have analyzed the legal principles applicable to the claims and the matters asserted.  For more than a year, counsel for the Parties have engaged in good faith, arm's-length negotiations concerning the possible settlement of all claims related to the Action.  The counsel for the Parties met in-person, telephonically and exchanged e-mails concerning potential settlement and participated in a conference with U.S. Magistrate Judge Kevin N. Fox, discussing potential settlement terms. Following a failed attempt to consummate a settlement, the parties returned to the bargaining table for further negotiations.[2]  These efforts resulted in this Agreement.

It is the Parties' desire and intention to effect a full, complete and final settlement and resolution of all existing disputes and claims that relate to or arise out of the Action under the terms outlined in this Agreement (the "Settlement").

---

[1] Plaintiffs Segal, Terry, Hougdahl and Hammer originally brought the Action and Clasen was later named as an additional Plaintiff on the Amended Complaint.

[2] Settlement was sought by the Plaintiffs in the matter of *Segal, et al., v. Bitar, et al.,* 11-cv-4521 (S.D.N.Y.) along with related matters *Jetha, et al., v. Filco Ltd.,* 11-5519 (KNF) and *Lawson v. Full Tilt Poker Ltd., et al.,* 11-cv-6087 (KNF).

C.  Investigation by Class Counsel. Class Counsel have concluded that a settlement with Defendants on the terms set forth herein is fair, reasonable, adequate and in the best interests of the Settlement Class based upon their investigation and taking into account the sharply contested issues involved, the risks, legal issues, uncertainty and cost of further prosecution in the trial court and appellate litigation on behalf of the Settlement Class, and the benefits to be received pursuant to this Agreement.

D.  Defendants' Denial of Liability. Defendants expressly disclaim any liability or any wrongdoing of any kind whatsoever. Nevertheless, Defendants consider it desirable that the Action be resolved upon the terms and conditions set forth in this Agreement in order to avoid the expense, risk, and uncertainty inherent in any litigation, and to put to rest and to obtain peace, forever, from all claims that will be barred by the releases described herein.

In consideration of the premises and agreements set forth herein, it is hereby agreed, subject to the District Court's approval, that each and every claim that has been alleged, or could have been alleged, in the Action, and any other later-filed actions making these same claims, arising out of or relating in any way to the allegations described in the Action, shall be fully and finally settled and compromised and dismissed with prejudice and shall be fully discharged and released, upon and subject to the following terms and conditions:

## II.   DEFINITIONS

Unless otherwise defined herein, the following terms used in this Agreement shall have the meanings ascribed to them as set forth below:

2.1   "Agreement" or "Settlement Agreement" means this Agreement, including the attached Exhibits.

2.2   "Claim" means claims of Settlement Class Members.

2.3   "Class Counsel" shall mean Wolf Haldenstein Adler Freeman & Herz, LLP; Finkelstein Thompson LLP; Gustafson Gluek PLLC; and Wolf Popper LLP.

2.4   "Class Representatives" or "Plaintiffs" refers to Steve Segal, Todd Terry, Robin Hougdahl, Nick Hammer, and Bradley Clasen.

2.5   "Initial Complaint" means the complaint filed by Plaintiffs, excluding Mr. Clasen, on April 12, 2012 in this Court.

2.6   "Amended Complaint" means the amended complaint filed by Plaintiffs on August 6, 2015, in this Court.

2.7   "Court" or "District Court" means the United States District Court for the District of Nevada.

2.8     "Defendants" is previously defined on page 1 of this Agreement.

2.9     "Defense Counsel" or "Counsel for Defendants" is:

> Michael B. de Leeuw
> Cozen O'Connor
> 45 Broadway Atrium
> New York, NY 10006
> Telephone: 212-908-1331

2.10     "Effective Date" means the date the Judgment becomes final for all purposes because either: (i) no appeal has been filed and the time within which an appeal may be filed has lapsed; or (ii) if a timely appeal has been filed, the appeal is finally resolved, with no possibility of further appellate or other review, resulting in final judicial approval of the Settlement.

2.11     "Final Approval Order" means the order to be entered by the Court in the Action, as provided in paragraph 8.1 below, substantially in the form or having the effect of Exhibit 2 attached hereto.

2.12     "Final Fairness Hearing" means the hearing at which the Court will consider and finally decide whether to approve the Settlement provided for in this Agreement, enter Judgment and make such rulings as are contemplated by this Agreement.

2.13     "Full Tilt Poker" means the entity and its various affiliates, including without limitation Tiltware, LLC, and employees that engaged in the online poker business, offering real and fake money cardrooms to online poker players.

2.14     "Judgment" means a Final Judgment and Order of Dismissal With Prejudice to be entered by the Courts in the Action finally approving the Settlement provided for in this Agreement and resolving all issues between the Parties.

2.15     "Action" means this lawsuit, captioned: *Segal, et al., v. Lederer, et al.,* 12-00601 pending in this Court.

2.16     "Formerly Related Actions" means the lawsuits entitled:

2.16.1 "Segal Action" means the voluntarily dismissed lawsuit entitled *Segal v. Bitar, et al.,* Case No. 11-cv-4521, filed on June 30, 2011, in the United States District Court for the Southern District of New York.

2.16.2 "Jetha Action" means the voluntarily dismissed lawsuit entitled *Jetha v. Filco Ltd., et al.,* Case No. 11-cv-05519, filed on August 9, 2011, in the United States District Court for the Southern District of New York.

2.16.3 "Lawson Action" means the voluntarily dismissed lawsuit entitled *Lawson v. Full Tilt Poker Ltd.*, Case No. 11-cv-06087, filed on August 30, 2011, in in the United States District Court for the Southern District of New York.

2.17   "Liaison Counsel" shall mean Shook & Stone Chtd.

2.18   "Parties" are Plaintiffs and Defendants (or Full Tilt Poker) as were previously defined on Page 1 of this Agreement and in paragraphs 2.19 below and 2.8 above.

2.19   "Plaintiffs" is defined on Page 1 of this Agreement.

2.20   "Player Accounts" refers to the accounts in which Settlement Class Members deposited real money for the purpose of playing real-money poker games on the Full Tilt Poker website.

2.21   "Preliminary Approval Order" means an order to be entered by the Court in the Action, as provided for in paragraph 7.1 below, substantially in the form or having the effect of Exhibit A attached hereto.

2.22   "Released Claims" means any claim, cross-claim, liability, right, demand, suit, matter, obligation, damage, restitution, disgorgement, loss or cost, attorney's fee or expense, action or cause of action, of every kind and description that the Releasing Party had or has, including assigned claims, whether in arbitration, administrative, or judicial proceedings, whether as individual claims or as claims asserted on a class basis or on behalf of the general public, whether known or unknown, asserted or unasserted, suspected or unsuspected, latent or patent, that is, has been, could reasonably have been or in the future might reasonably be asserted by the Releasing Party in the Action or in any action or proceeding in any other court or forum, regardless of legal theory or the law under which such action may be brought, and regardless of the type or amount of relief or damages claimed, against any of the Released Parties arising out of or relating in any way to the allegations described in the Action, including without limitation all claims alleging conversion (or other forms of misappropriation) and all other claims alleged in the Formerly Related Actions that could be brought on behalf of U.S. players.

2.23   "Released Parties" means the Defendants as defined above, and Tiltware LLC, and their past, and future and present parents, subsidiaries, affiliates, predecessors, successors, and assigns, and each of their past and present members, officers, directors, employees, agents, representatives, attorneys, outside attorneys, heirs, administrators, executors, predecessors, successors and assigns.

2.24   "Releasing Parties" means the Plaintiffs, as defined above, and the Settlement Class, as defined below, and their past, future and present parents, subsidiaries, affiliates, predecessors, successors, and assigns, and each of their past and present officers, directors, employees, agents, representatives, attorneys, outside attorneys, heirs, administrators, executors, predecessors, successors and assigns.

2.25   "Remedial Measures" means the agreed actions to be taken by or limitations to be imposed on Defendants as a result of this Agreement.

2.26   "S.D.N.Y. Settlement" means the settlement submitted for and denied preliminary approval in the Formerly Related Actions.

2.27   "Settlement" is defined in §I.B and its terms are encompassed in this Agreement.

4

2.28    "Settlement Class" and "Settlement Class Member" mean, include and refer to Plaintiffs and any other person(s) or entity (or entities) who falls within the definition of Settlement Class, certified solely for purposes of the Settlement provided for in this Agreement, as provided for in paragraphs 3.1 and 3.2, below.

2.29    "Tiltware, LLC" is a California Limited Liability Company that at one time was the beneficial owner of all of the Full Tilt Poker entities.  Defendants were members of Tiltware, LLC.

## III.    TERMS OF SETTLEMENT

3.1    Certification of Settlement Class for Settlement Purposes Only.  Solely for the purposes of avoiding the expense and inconvenience of further litigation, Defendants support the certification for settlement purposes only of the Settlement Class.  No agreements made by Defendants in connection with the Settlement may be used by Plaintiffs, any Settlement Class Member, or any other person to establish any of the elements of class certification other than for settlement purposes.  Preliminary certification of a Settlement Class shall not be deemed to estop Defendants from challenging class certification in further proceedings in the Action or in any other action if the Settlement is not finalized or finally approved.  If the Settlement is not approved, the Parties shall be returned to the *status quo ante* as of September 29, 2015, for all purposes, as if no settlement had been negotiated or entered into.

3.2    Definition of the Settlement Class.  Subject to paragraph 3.1 above, the Parties agree that Plaintiffs will seek certification for settlement purposes only of the Settlement Class. The Settlement Class means all U.S. persons or entities, exclusive of Defendants and their employees or affiliates, who had monies in a Full Tilt Poker Player Account on April 15, 2011, and subsequently were unable to access the monies from their Full Tilt Poker Player Account.

3.3    Remedial Measures by Defendants and Therapeutic Relief to the Settlement Class.  Defendants have agreed to the following remedial measures regarding Defendants' involvement in any future online gaming enterprise for a period of four years from the Effective Date of this Settlement:

3.3.1    Defendants agree not to own or operate a real-money online gaming enterprise unless such enterprise agrees: (a) to keep all players' funds in a trust account (or accounts) segregated from the operating funds of the enterprise, or (b) to cover the funds through a fidelity bond – assuming that these safeguards are allowed under the license and regulatory system under which the online gaming site operates, however, if these safeguards are not permitted under that license or regulatory system or otherwise become unavailable, then Defendants can only be an owner or operator of that enterprise if there is another system in place that ensures that players' funds have the same degree of security.

3.3.2    Defendants agree not to be employed by a real-money online gaming enterprise if their day-to-day responsibilities include control over player accounts or payments to and from players.   For the avoidance of doubt, Defendants can, consistent with this agreement, sit on boards (or similar bodies) of such enterprises or take management positions in such enterprises—and in those positions they can supervise accounting functions so long as there are

5

adequate financial oversights and internal controls in place that cover player accounts and payments to and from players and consistent with the restriction above, their day-to-day responsibilities do not include control over player accounts or payments to and from players.

        3.3.3   Defendants agree that in the event that they learn any enterprise providing real-money online gaming services with which he is or they are associated is failing to comply with gaming regulations imposed by the relevant licenses or regulatory system and/or the laws of the United States, Defendants agree to report such noncompliance as soon as practicable to their superiors at the enterprise; and if no corrective action is taken by the enterprise, Defendants must report such noncompliance to a governmental or licensing body with authority to take corrective action.

        3.3.4   If Defendant becomes an owner or operator of any real-money online gaming enterprise, then their position must be disclosed on the enterprise's website.[3]

## IV.    ATTORNEYS' FEES AND COSTS AND SERVICE AWARD TO PLAINTIFFS

        4.1   Class Counsel shall make an application to the Court for an award to be paid by Defendants of reasonable attorneys' fees, reasonable and actually incurred costs and expenses ("costs"), and service awards not to exceed $325,000 and Defendants agree not to object to an award of fees and costs in an amount less than or equal to $225,000.

        4.2   Any attorneys' fees, costs, and service awards approved by the Court will be paid by Defendants within thirty (30) days after the Effective Date.

## V.    RELEASE AND DISMISSAL

        5.1   Release.  Upon entry of the Final Approval Order, each Settlement Class Member shall be deemed to release and forever discharge any and all Released Parties of and from liability for any and all Released Claims, and shall be permanently barred and enjoined from initiating, asserting and/or prosecuting any Released Claim(s) against any Released Party in any court or forum. This Agreement shall be the sole and exclusive remedy for any and all Released Claims against the Released Parties. No Released Party shall be subject to liability or expense of any kind to any Releasing Party with respect to any Released Claim.

        5.2   Binding Effect. The Parties agree that they may hereafter discover facts in addition to or different from those they believe to be true with respect to the subject matter of this Agreement. The Parties agree that, notwithstanding the discovery of the existence of any such additional or different facts that, if known, would materially affect its decision to enter into this Agreement, the releases herein given shall be and remain in effect as a full, final and complete general release of the Released Claims and the Parties shall not be entitled to modify or set aside this Agreement, either in whole or in part, by reason thereof.

---

[3] The parties agreed that "ownership" means a 10% or greater interest in the enterprise and that "operates" means acting in a senior management capacity.

5.2.1    The Parties hereby waive and relinquish, to the fullest extent permitted by law, the rights and benefits of any statute that might otherwise render unenforceable a release contained in this Agreement.  Each Settlement Class Member subject to jurisdiction of this District Court hereby specifically waives and relinquishes, to the fullest extent permitted by law, the rights and benefits of Section 1542 of the California Civil Code, which provides as follows:

> "A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor."

5.3    <u>Dismissal</u>.  The Final Approval Order shall provide that the Action shall be dismissed, with prejudice, upon the Effective Date.

## VI.    CLASS ACTION FAIRNESS ACT NOTICE

6.1    <u>Notice</u>.  Defendants will comply with the notice requirements under the Class Action Fairness Act by informing the state Attorneys General of the terms of this Settlement within 10 days of the filing of this proposed Settlement.  No later than 10 calendar days before the Fairness Hearing, counsel for Defendants shall file with the Court one or more declarations stating that Defendants have complied with their  notice obligations under 28 U.S.C. § 1715.

## VII.    PRELIMINARY APPROVAL ORDER AND FINAL FAIRNESS HEARING

7.1    <u>Preliminary Approval Order</u>.  The Parties will jointly seek the Court's approval of this Settlement by filing an appropriate Motion for Preliminary Approval and seeking entry of a Preliminary Approval Order.  The Parties shall request that the Court enter a Preliminary Approval Order substantially in the form attached hereto as Exhibit 1 to the Agreement.  The Parties shall cooperate in presenting such documents to the Court as may be necessary to effectuate the intent and purposes of this Agreement.  Among other things, the Parties contemplate that the Preliminary Approval Order shall specifically include the following:

7.1.1    A determination that, for settlement purposes only, the Action may be maintained as a class action on behalf of the Settlement Class;

7.1.2    A preliminary finding that this Agreement is fair, reasonable, and adequate;

7.1.3    A preliminary finding that Plaintiffs fairly and adequately represent the interests of the Settlement Class;

7.1.4    A preliminary finding that Class Counsel are adequate to act as lead counsel for the Settlement Class;

7.1.5    Scheduling a date for the Final Fairness Hearing, which the Parties shall request occurs on January 5, 2016, to determine whether there exists any reasonable basis why the Settlement should not be approved as being fair, reasonable, and adequate, and in the best interests of the Settlement Class and why Judgment should not be entered thereon;

7.1.6   Entry of an additional stay of all proceedings in the Action, except as may be necessary to implement the Settlement or comply with the terms of the Agreement.

7.2   Objection. In the event of an objection by any member of the Settlement Class, such an objector will be required to prove standing as a Settlement Class Member and, subject to Court approval, may be subject to expedited discovery on a limited basis to confirm standing of the objector. Nothing in this section, shall be construed to limit the Court's discretion to permit members of the public to be heard at the Final Fairness Hearing.

7.3   Denial of Preliminary Approval Order. If the Court refuses to enter the Preliminary Approval Order with all of the contents specified above or to certify the Settlement Class for settlement purposes consistent with the provisions hereof, the parties shall have ten business days to petition the Court for further relief, or to elect return to the *status quo ante* as of September 29, 2015, for all litigation purposes, as if no settlement had been negotiated or entered into. Nothing in this section shall be construed to limit the Court's ability to condition preliminary approval on the modification of the Settlement and/or Agreement.

VIII.   FINAL APPROVAL OF SETTLEMENT AND OTHER CONDITIONS

8.1   Final Approval Order. On a date to be set by the Court, the Parties will move the Court for an Order granting final approval of this Settlement and entering Judgment in the Action. Specifically, the Final Approval Order, substantially in a form attached this Agreement as Exhibit 2, will:

8.1.1   Find that the Action, for purposes of this Settlement, shall be maintained as a class action on behalf of the Settlement Class;

8.1.2   Find that Plaintiffs fairly and adequately represent the interests of the Settlement Class;

8.1.3   Find that Class Counsel adequately represent Plaintiffs and the Settlement Class;

8.1.4   Find that the Settlement is fair, reasonable, and adequate to the Settlement Class and that each Settlement Class Member shall be bound by the Settlement, including the Release contained in paragraph 5.1 above;

8.1.5   Find that the Settlement represents a fair resolution of all claims asserted on behalf of the Settlement Class and should fully and finally resolve all such claims;

8.1.6   Conclude that this Settlement should be, and is, approved;

8.1.7   Determine and approve the award of attorneys' fees and costs and the service award to Plaintiffs;

8.1.8   Dismiss, on the merits and with prejudice, all claims in the Action, and permanently enjoin each and every Settlement Class Member from bringing, joining or

continuing to prosecute against the Released Parties any Released Claims and enter Judgment thereon; and

        8.1.9   Retain jurisdiction of all matters relating to the modification, interpretation, administration, implementation, effectuation and enforcement of this Agreement and the Settlement.

    8.2   <u>Non-Approval of Settlement</u>. This Settlement is conditioned upon final approval without material modification by the Court. In the event that the Court approves the Settlement, but does so subject to material modification of any of the terms agreed-to by the Parties in this Agreement, either Party may elect to return to the *status quo ante* as of September 29, 2015, for all litigation purposes, as if no settlement had been negotiated or entered into. In the event that the Settlement is approved without material modification by the Court, but is later reversed or vacated on appeal, either party shall have the right to withdraw from the Settlement and return to the *status quo ante* as of September 29, 2015, for all litigation purposes, as if no settlement had been negotiated or entered into. Specifically, the Parties shall be deemed to have preserved all of their rights or defenses as of September 29, 2015, and shall not be deemed to have waived any substantive or procedural rights of any kind that they may have as to each other or to a member of the proposed Settlement Class. Class Counsel shall not have the right to withdraw from the Settlement if the Court fails to approve, or materially modifies or reduces, the amounts sought in their application for attorneys' fees and costs and Plaintiffs' service awards. Nothing in this section shall be construed to limit the Court's ability to condition final approval on the modification of the Settlement and/or Agreement.

IX.    <u>GENERAL CONDITIONS</u>

    9.1   <u>Denial of Wrongdoing or Liability</u>. Defendants and each of the Released Parties deny each and all of the claims and contentions alleged in the Action. Nothing in this Agreement may be construed as, or may be used as, an admission by any Defendant or other Released Party of any fault, wrongdoing or liability. This Agreement shall not be offered or be admissible in evidence or used in any fashion against any Released Party in any suit for any purpose. Nothing herein shall be construed to preclude the Released Parties from offering this Agreement and the Releases in defense of any Claims, including suits brought by Settlement Class Members at any time.

    9.2   <u>No Admission of Elements of Class Certification</u>. Defendants deny that a class should be certified other than for purposes of this Settlement. No agreements made by Defendants in connection with this Settlement may be used by Plaintiffs, Class Counsel, any Settlement Class Member, or any other person to establish any of the elements of class certification. Certification of a Settlement Class in connection with this Settlement shall not be deemed a concession that certification of a litigation class is appropriate, nor are Defendants estopped from challenging class certification in further proceedings in the Action or in any other action in the event the Settlement is not finalized or finally approved.

    9.3   <u>Publicity and Non-Disparagement</u>. The Parties may have an agreed statement regarding the Settlement which may be made publicly available. The Parties and their counsel shall refrain from disparaging one another publicly or taking any action designed to harm the

9

public perception of any party regarding any issue related to the Settlement or the Action. All counsel agree that all extra judicial statements in regard to the Settlement will comport with all applicable Nevada Rules of Professional Conduct. Class Counsel may respond to direct communications from clients or potential clients. Inquiries other than those from Settlement Class Members seeking legal advice may be responded to only by reference to information contained in the public record and/or agreed upon by the Parties.

9.4     Entire Agreement. This Agreement constitutes the entire agreement between and among the Parties with respect to the Settlement of the Action. This Agreement supersedes all prior negotiations and agreements. The Parties, and each of them represent and warrant that no other party or any agent or attorney of any other party has made any promise, representation or warranty whatsoever not contained in this Agreement and the other documents referred to in this Agreement to induce them to execute the same. The Parties, and each of them, represent and warrant that they have not executed this instrument or the other documents in reliance on any promise, representation or warranty not contained in this Agreement and the other documents referred to in this Agreement.

9.5     Confidentiality. Any and all drafts of this Agreement and other settlement documents relating to the negotiations between the Parties will remain confidential and will not be disclosed or duplicated except as necessary to obtain preliminary and/or final court approval and/or to meet the obligations of CAFA. This provision will not prohibit the Parties from submitting this Agreement to the Court in order to obtain preliminary and/or final approval of the Settlement.

9.6     Successors and Assigns. The terms of this Agreement shall apply to the Parties as well as to their heirs, successors, and assigns.

9.7     Competency of Parties. The Parties, and each of them, acknowledge, warrant, represent and agree that in executing and delivering this Agreement, they do so freely, knowingly and voluntarily, that they had an opportunity to and did discuss its terms and their implications with legal counsel, that they are fully aware of the contents and effect of the Agreement and that such execution and delivery is not the result of any fraud, duress, mistake or undue influence whatsoever.

9.8     Authority. The persons signing this Agreement on behalf of any of the Defendants warrant and represent that they are authorized to sign on behalf of that entity.

9.9     Modification. No modification of or amendment to this Agreement shall be valid unless it is in writing and signed by the Parties or agreed to on the record in open Court.

9.10    Construction. Each of the Parties has cooperated in the drafting and preparation of this Agreement. Hence, in any construction to be made of this Agreement, the same shall not be construed against any of the Parties. Before declaring any provision of this Agreement invalid, the Court shall first attempt to construe the provision valid to the fullest extent possible consistent with applicable precedent so as to find all provisions of this Agreement valid and enforceable. The invalidity of any one provision shall not render this Agreement otherwise

invalid and unenforceable unless the provision found to be invalid materially affects the terms of this Agreement after application of the rules of construction set forth in this paragraph.

9.11    No Waiver.  The failure of any Party to enforce at any time any provision of this Agreement shall not be construed to be a waiver of such provision, or any other provision, nor in any way to affect the validity of this Agreement or any part hereof, or the right of any party thereafter to enforce that provision or each and every other provision.  No waiver of any breach of this Agreement shall constitute or be deemed a waiver of any other breach.

9.12    Governing Law.  This Agreement shall be governed by, construed and enforced in accordance with the laws of the State of New York.

9.13    Notices/Communications.  All requests, demands, and other communications hereunder shall: (i) be in writing; (ii) delivered by U.S. Mail and electronic mail; (iii) deemed to have been duly given on the date received; and (iv) addressed to the intended recipient as set forth below:

> If to Plaintiffs or the Settlement Class:
> Thomas H. Burt
> Wolf Haldenstein Adler Freeman & Herz LLP
> 270 Madison Avenue
> New York, NY 10016
> Phone: (212) 545-4600
>
> Email: Burt@whafh.com
>
> If to Defendants:
> Michael B. de Leeuw
> Cozen O'Connor
> 45 Broadway Atrium
> New York, NY 10006
> Telephone: 212-908-1331
>
> Email: MdeLeeuw@cozen.com

Any party may change the address to which requests, demands, claims, or other communications hereunder are to be delivered by giving the other Parties notice in the manner set forth herein.

9.14    Counterparts.  This Agreement may be executed in one or more counterparts and, if so executed, the various counterparts shall be and constitute one instrument for all purposes and shall be binding on the party that executed it, provided, however, that no party shall be bound unless and until Plaintiffs and Defendants have executed this Agreement.  For convenience, the several signature pages may be collected and annexed to one or more documents to form a complete counterpart.  Photocopies of executed copies of this Agreement may be treated as originals.

Approved as to form and content:

WOLF HALDENSTEIN ADLER FREEMAN
& HERZ LLP

Dated: September 30, 2015        By: _____
                                      Thomas H. Burt


Class Counsel for Plaintiffs and the Settlement Class


FINKELSTEIN THOMPSON LLP

By: _____
        Mila Bartos


Class Counsel for Plaintiffs and the Settlement Class


GUSTAFSON GLUEK PLLC

By: _____
        Daniel Hedlund


Class Counsel for Plaintiffs and the Settlement Class


WOLF POPPER LLP

By: _____
        Lester Levy


Class Counsel for Plaintiffs and the Settlement Class


SHOOK & STONE CHTD.

By: _____

Liaison Counsel for Plaintiffs and the Settlement Class


12

WOLF HALDENSTEIN ADLER FREEMAN
& HERZ LLP

Dated: September 30, 2015          By: _____
                                       Thomas H. Burt


Class Counsel for Plaintiffs and the Settlement Class


FINKELSTEIN THOMPSON LLP

By: _____
    Mila Bartos


Class Counsel for Plaintiffs and the Settlement Class


GUSTAFSON GLUEK PLLC

By: _____
    Daniel Hedlund


Class Counsel for Plaintiffs and the Settlement Class


WOLF POPPER LLP

By: _____
    Lester Levy


Class Counsel for Plaintiffs and the Settlement Class


SHOOK & STONE CHTD.

By: _____

Liaison Counsel for Plaintiffs and the Settlement Class

12

WOLF HALDENSTEIN ADLER FREEMAN
& HERZ LLP

Dated: September 30, 2015          By: _____
                                         Thomas H. Burt


Class Counsel for Plaintiffs and the Settlement Class


FINKELSTEIN THOMPSON LLP

By: _____
          Mila Bartos


Class Counsel for Plaintiffs and the Settlement Class

GUSTAFSON GLUEK PLLC

By: _Daniel Hedlund_ /mjl_____
         Daniel Hedlund


Class Counsel for Plaintiffs and the Settlement Class


WOLF POPPER LLP

By: _____
          Lester Levy


Class Counsel for Plaintiffs and the Settlement Class


SHOOK & STONE CHTD.

By: _____

Liaison Counsel for Plaintiffs and the Settlement Class

12

WOLF HALDENSTEIN ADLER FREEMAN
& HERZ LLP

Dated: September 30, 2015          By: _____
                                         Thomas H. Burt


Class Counsel for Plaintiffs and the Settlement Class


FINKELSTEIN THOMPSON LLP

By: _____
     Mila Bartos


Class Counsel for Plaintiffs and the Settlement Class


GUSTAFSON GLUEK PLLC

By: _____
     Daniel Hedlund


Class Counsel for Plaintiffs and the Settlement Class


WOLF POPPER LLP

By: _____
     Lester Levy


Class Counsel for Plaintiffs and the Settlement Class


SHOOK & STONE CHTD.

By: _____

Liaison Counsel for Plaintiffs and the Settlement Class


12

WOLF HALDENSTEIN ADLER FREEMAN
& HERZ LLP

Dated: September 30, 2015          By: _____
                                        Thomas H. Burt


Class Counsel for Plaintiffs and the Settlement Class


FINKELSTEIN THOMPSON LLP

By: _____
        Mila Bartos


Class Counsel for Plaintiffs and the Settlement Class


GUSTAFSON GLUEK PLLC

By: _____
        Daniel Hedlund


Class Counsel for Plaintiffs and the Settlement Class


WOLF POPPER LLP

By: _____
        Lester Levy


Class Counsel for Plaintiffs and the Settlement Class


SHOOK & STONE CHTD.

By: _____

Liaison Counsel for Plaintiffs and the Settlement Class

12

Approved as to form and content:

COZEN O'CONNOR

Dated:  March 31, 2015

By: _____

Michael B. de Leeuw

Attorney for Defendants

# EXHIBIT 1
## Preliminary Approval Order
## (par. 7.1)

1
2
3

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

4
5
6
7
8

STEVE SEGAL, NICK HAMMER, ROBIN
HOUGDAHL, TODD TERRY, AND
BRADLEY CLASEN On Behalf Of Themselves
And All Others Similarly Situated

Case No.: 12-cv-00601

9
10

Plaintiff(s),

**[PROPOSED] ORDER GRANTING**
**PRELIMINARY APPROVAL**

11
12

-against-

13
14

HOWARD LEDERER AND CHRISTOPHER
FERGUSON

15
16
17
18

Defendant(s).

19

**[PROPOSED] ORDER FOR PRELIMINARY APPROVAL**

20          WHEREAS on April 12, 2012, a putative class action Complaint was filed in the District

21   Court of Nevada, by Plaintiffs Steve Segal, Todd Terry, Robin Hougdahl, and Nick Hammer, on

22   behalf of themselves and those similarly situated, against Defendants Howard Lederer and

23   Christopher Ferguson; and

24          WHEREAS a putative class action Amended Complaint was filed in the District Court of

25   Nevada by Plaintiffs Steve Segal, Todd Terry, Robin Hougdahl, Nick Hammer and Bradley Clasen,

26   on behalf of themselves and those similarly situated, on August 6, 2015, against Defendant Howard

27   Lederer and Christopher Ferguson; and

28

1     WHEREAS Plaintiffs have made a motion, pursuant to Federal Rule of Civil Procedure

2  23(e), for an order preliminarily approving the Settlement of the Action ("Motion"); and

3     WHEREAS Plaintiffs submitted a Memorandum of Law, the Agreement, and Affidavit of

4  Thomas H. Burt, with exhibits attached thereto including the Agreement; and

5     WHEREAS, as a condition of the Agreement, Plaintiffs, on behalf of themselves individually

6  and on behalf of the Settlement Class Members, have agreed to release all claims as specified in the

7  Release; and

8     WHEREAS, this Court, having read and considered the Motion, the Agreement and the

9  Exhibits attached thereto, as well as all arguments and submissions by the Parties at the noticed

10  hearing.

11     NOW, THEREFORE, IT IS HEREBY ORDERED:

12     1.     This Preliminary Approval Order incorporates by reference the definitions in the

13  Agreement, and all terms used in this Preliminary Approval Order shall have the same meanings as

14  set forth in the Agreement.

15     2.     The Court has jurisdiction over the subject matter of the Action, Plaintiffs, the

16  Settlement Class Members, and Defendants.

17     3.     Pursuant to Federal Rule of Civil Procedure 23(e), the Court certifies, solely for

18  purposes of effectuating the Settlement, the Settlement Class as follows:

19

20          **All U.S. persons and entities, exclusive of Defendants and their**
            **employees or affiliates, who had monies in a Full Tilt Poker Player**
21          **Account on April 15, 2011, and subsequently were unable to access**
            **the monies from their Full Tilt Poker Player Account.**
22

23     4.     The Court preliminarily approves the Settlement and Agreement as being fair,

24  reasonable and adequate and within the range of possible approval, subject to further consideration

25  at the Final Fairness Hearing.

26     5.     The Court finds that Plaintiffs fairly and adequately represent the interests of the

27  Settlement Class and therefore designates Plaintiffs as Class Representatives of the Settlement Class.

28

2

6.      The Court designates Wolf Haldenstein Adler Freeman & Herz LLP ("Wolf Haldenstein"), Finkelstein Thompson LLP ("Finkelstein Thompson"), Gustafson Gluek PLLC ("Gustafson Gluek"); and Wolf Popper LLP ("Wolf Popper" and collectively, with Wolf Haldenstein, Finkelstein Thompson and Gustafson Gluek, "Class Counsel") as Class Counsel and Shook & Stone Chtd. as Liaison Counsel. The Court finds that, based on the work that Class Counsel has done in identifying, investigating and prosecuting the claims in this Action, Class Counsel's experience in handling class actions and the types of claims asserted in this Action, Class Counsel's knowledge of the applicable law and the resources counsel have and will commit to representing the class, Class Counsel has represented and will fairly and adequately represent the interests of the Settlement Class. The Court authorizes Plaintiffs and Class Counsel to enter into the Agreement on behalf of the Settlement Class, and to bind them all to the duties and obligations contained therein. Plaintiffs and Class Counsel, on behalf of the Settlement Class, are authorized to take all appropriate action required or permitted to be taken by the Settlement Class pursuant to the Agreement to effectuate its terms.

7.      The Court preliminarily finds, solely for purposes of the Settlement, that this Action may be maintained as class actions on behalf of the Settlement Class because: (a) the Settlement Class is so numerous that joinder of all Settlement Class Members in the Action is impracticable; (b) there are questions of law and fact common to Settlement Class Members that predominate over any individual questions; (c) Plaintiffs' claims are typical of the claims of the Settlement Class; and (d) Plaintiffs and Class Counsel have fairly and adequately represented and protected the interests of the Settlement Class.

8.      The Final Fairness Hearing shall take place before the Honorable Andrew P. Gordon, on _____, 2015, at the _____ United States Courthouse, _____, Las Vegas, Nevada, in Courtroom ___, to determine: (i) whether the proposed Settlement of the Action on the terms and conditions provided for in the Agreement is fair, adequate and reasonable as to the Settlement Class Members and should be approved; (ii) whether the Judgment, as provided in the

3

Agreement, should be entered; and (iii) the amount of fees, costs and service awards that should be awarded as provided for in the Agreement.

9.     The Court will certify this Class pursuant to Fed. R. Civ. P. 23(b)(2) and 23(e).  As the terms of the Settlement call for injunctive relief and are subject to the Class Action Fairness Act – and the notice requirements of the Class Action Fairness Act have been satisfied –this Court will not require additional notice to the Class.

10.     All proceedings in the Action are stayed pending final approval of this Settlement, except as may be necessary to implement the Settlement or comply with the terms of the Agreement.

11.     Pending final determination of whether the Settlement should be finally approved, Plaintiffs, all Settlement Class Members, and any person or entity allegedly acting on behalf of Settlement Class Members, either directly, representatively or in any other capacity, are enjoined from commencing or prosecuting against Defendants, or against any of the Released Parties, any action or proceeding in any court or tribunal asserting any of the Released Claims as described in the Agreement.  This injunction is necessary to protect and effectuate the Settlement, this Preliminary Approval order, and the Court's flexibility and authority to effectuate this Settlement and enter judgment when appropriate, and is ordered in aid of the Court's jurisdiction and to protect its judgments.

12.     The Court reserves the right to continue the date of the Final Fairness Hearing and retains jurisdiction to consider all further applications arising out of or connected with the Settlement.  The Court may approve or modify the Settlement without further notice to Settlement Class Members.


DATED: September ____, 2015

_____
Hon. Andrew P. Gordon
United States Magistrate Judge

4

# EXHIBIT 2
## Final Approval Order (par. 8.1)

1

2                        **UNITED STATES DISTRICT COURT**

3                              **DISTRICT OF NEVADA**

4

5 STEVE SEGAL, NICK HAMMER, ROBIN

6 HOUGDAHL, TODD TERRY, AND
BRADLEY CLASEN On Behalf Of Themselves

7 And All Others Similarly Situated                   Case No.: 12-cv-00601

8

9                         Plaintiff(s),

10                              **[PROPOSED] ORDER FOR FINAL
APPROVAL**

11

12              -against-

13

14 HOWARD LEDERER AND CHRISTOPHER
FERGUSON

15

16                         Defendant(s).

17

18

19                     **[PROPOSED] ORDER FOR FINAL APPROVAL**

20       Plaintiffs, on their own behalf and on behalf of all similarly situated parties, submitted to the

21 Court a Motion for Final Approval of the Class Action Settlement ("Motion") seeking final approval

22 of the Settlement and Agreement, dated September 30, 2015 and the Exhibits attached thereto,

23

24 entered into by and between Plaintiffs and Defendants Christopher Ferguson and Howard Lederer

25 (collectively, "Defendants").

26       By Order dated _____ \_\_, 2015, the Court preliminarily approved the Settlement and

27 Agreement and conditionally certified the Settlement Class for settlement purposes only.

28

1       Plaintiffs, on their own behalf and on behalf of all similarly situated parties, further submitted

2   to the Court a Motion for an award of attorneys' fees and litigation expenses, as well as Service

3   Awards to the Plaintiffs as Class Representatives, dated _____, 2015.

4       The Court having considered all papers filed and proceedings had herein and otherwise being

5   fully advised in the premises and good cause appearing therefore,

6       IT IS HEREBY ORDERED, ADJUDGED, AND DECREED:

7

8       This Judgment incorporates by reference the definitions in the Agreement, and all terms used

9   herein shall have the same meanings as set forth in the Agreement.

10      The Court has jurisdiction over the subject matter of the Action, Plaintiffs, the Settlement

11  Class Members, and Defendants.

12      Pursuant to Federal Rule of Civil Procedure 23(e), and Due Process, the Court hereby finally

13  approves the Agreement and finds that the Settlement consideration is fair and that said Settlement

14  is, in all respects, fair and reasonable and adequate to the Settlement Class.

15

16      The following Settlement Class, which the Court previously preliminarily certified, is hereby

17  finally certified for settlement purposes under Federal Rule of Civil Procedure 23(e) as follows:

18          all U.S. persons or entities, exclusive of Defendants and their
            employees or affiliates, that had monies in a Full Tilt Poker Player
19          Account on April 15, 2011, and subsequently were unable to access
            the monies from their Full Tilt Poker Player Account.
20

21      The Court finds and concludes that: (a) the Settlement Class is so numerous that joinder of all

22  Settlement Class Members in the Action is impracticable; (b) there are questions of law and fact

23  common to Settlement Class Members that predominate over any individual questions; (c) Plaintiffs'

24  claims are typical of the claims of the Settlement Class; and (d) Plaintiffs and Class Counsel have

25  fairly and adequately represented and protected the interests of the Settlement Class.

26

27

28

CASE NO: 12-CV-00601

1    The Court hereby awards Plaintiffs and their counsel the amount of $_____ for attorneys'

2  fees, litigation expenses and service awards to not to exceed $_____ per Plaintiff.  The Court finds

3  that all such amounts are fair and reasonable and are hereby approved.  These amounts shall be paid

4  by Defendants in accordance with the provisions of the Agreement.

5    The Court hereby dismisses with prejudice and without costs (except as otherwise provided

6  in the Agreement) this Action against Defendants.

7

8    The Court finds that the Settlement is fair, reasonable and adequate and in the best interests

9  of the Plaintiffs and all the Settlement Class Members and finally approves the Settlement in all

10  respects, and the Parties are hereby directed to perform its terms.

11    Plaintiffs and each member of the Settlement Class, their respective heirs, executors,

12  administrators, representatives, agents, attorneys, partners, successors, predecessors-in-interest,

13  assigns, and all persons acting for or on their behalf in their capacity as such, will be deemed to have

14  fully released and forever discharged and their past, future and present parents, subsidiaries,

15  affiliates, predecessors, successors, and assigns, and each of their past and present officers, directors,

16  employees, agents, representatives, attorneys, heirs, administrators, executors, predecessors,

17  successors and assigns from any claim, cross-claim, liability, right, demand, suit, matter, obligation,

18  damage, restitution, disgorgement, loss or cost, attorney's fee or expense, action or cause of action,

19  of every kind and description that the Releasing Party had or has, including assigned claims, whether

20  in arbitration, administrative, or judicial proceedings, whether as individual claims or as claims

21  asserted on a class basis or on behalf of the general public, whether known or unknown, asserted or

22  unasserted, suspected or unsuspected, latent or patent, that is, has been, could reasonably have been

23  or in the future might reasonably be asserted by the Releasing Party in this Action and all Formerly

24  Related Actions or in any action or proceeding in any other court or forum, regardless of legal theory

25  or the law under which such action may be brought, and regardless of the type or amount of relief or

26

27

28

3

damages claimed, against any of the Released Parties arising out of or relating in any way to the allegations described in the Action or Formerly Related Action, including without limitation all claims alleging conversion (or other forms of misappropriation), breaches of fiduciary duties.

Without limiting the foregoing, the Released Claims specifically extend to claims that Settlement Class Members do not know or suspect to exist in their favor at the time that the Settlement and the releases contained therein become effective.  The Parties hereby waive and relinquish, to the fullest extent permitted by law, the rights and benefits of any statute which might otherwise render unenforceable a release contained in the Agreement.  The Parties are mindful that certain members of the Settlement Class may reside in or be subject to the laws of California.  Each class member subject to jurisdiction of this Court hereby specifically waives and relinquishes, to the fullest extent permitted by law, the rights and benefits of Section 1542 of the California Civil Code, which provides as follows:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the release, which if known by him must have materially affected his settlement with the debtor.

Plaintiffs and each Settlement Class Member understand and acknowledge the significance of these waivers of California Civil Code Section 1542 and/or of any other applicable law relating to limitations on releases.  In connection with such waivers and relinquishment, Plaintiffs and each Settlement Class Member become bound that they are aware that they may hereafter discover facts in addition to, or different from, those facts which they now know or believe to be true with respect to the subject matter of the Settlement, but that it is their intention to release fully, finally and forever all Released Claims, and in furtherance of such intention, the release of the Released Claims will be and remains in effect notwithstanding the discovery or existence of any such additional or different facts.

4

The Court finds that the compliance with the notice requirements of the Class Action Fairness Act constitutes adequate notice to fulfill due process requirements.

All Released Claims, as described in this Judgment or in the Agreement, currently being asserted by or on behalf of any Settlement Class Member in any forum are hereby permanently enjoined, except as may be necessary to implement the Settlement or comply with the terms of the Agreement. Neither Plaintiffs nor any Settlement Class Member, either directly, representatively or in any other capacity, nor any person or entity allegedly acting on behalf of Settlement Class Members, shall commence or prosecute against Defendants, or against any of the other Released Parties, any action or proceeding in any court or tribunal asserting any of the Released Claims as described in the Agreement. This injunction is necessary to protect and effectuate the Settlement, this Final Judgment and Order of Dismissal, and the Court's flexibility and authority to effectuate this settlement and is ordered in aid of the Court's jurisdiction and to protect its judgments.

Without affecting the finality of this Judgment in any way, this Court will retain jurisdiction of all matters relating to the modification, interpretation, administration, implementation, effectuation and enforcement of this Judgment, the Agreement and the Settlement.

IT IS SO ORDERED.

DATED: _____ __, 2015

_____
Hon. Andrew P. Gordon
United States District Magistrate Judge

5

CASE NO: 12-CV-00601