**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

STEVE SEGAL, NICK HAMMER, ROBIN HOUGDAHL, TODD TERRY, AND BRADLEY CLASEN On Behalf Of Themselves And All Others Similarly Situated

Case No.: 12-cv-00601-APG-GWF

Plaintiff(s),

**ORDER GRANTING PRELIMINARY APPROVAL**

-against-

HOWARD LEDERER AND CHRISTOPHER FERGUSON

Defendant(s).

WHEREAS on April 12, 2012, a putative class action Complaint was filed in the District Court of Nevada, by Plaintiffs Steve Segal, Todd Terry, Robin Hougdahl, and Nick Hammer, on behalf of themselves and those similarly situated, against Defendants Howard Lederer and Christopher Ferguson; and

WHEREAS a putative class action Amended Complaint was filed in the District Court of Nevada by Plaintiffs Steve Segal, Todd Terry, Robin Hougdahl, Nick Hammer and Bradley Clasen, on behalf of themselves and those similarly situated, on August 6, 2015, against Defendant Howard Lederer and Christopher Ferguson; and

WHEREAS Plaintiffs have made a motion, pursuant to Federal Rule of Civil Procedure 23(e), for an order preliminarily approving the Settlement of the Action ("Motion"); and

WHEREAS Plaintiffs submitted a Memorandum of Law, the Agreement, and Affidavit of Thomas H. Burt, with exhibits attached thereto including the Agreement; and

WHEREAS, as a condition of the Agreement, Plaintiffs, on behalf of themselves individually and on behalf of the Settlement Class Members, have agreed to release all claims as specified in the Release; and

WHEREAS, this Court, having read and considered the Motion, the Agreement and the Exhibits attached thereto, as well as all arguments and submissions by the Parties at the noticed hearing.

NOW, THEREFORE, IT IS HEREBY ORDERED:

1. This Preliminary Approval Order incorporates by reference the definitions in the Agreement, and all terms used in this Preliminary Approval Order shall have the same meanings as set forth in the Agreement.

2. The Court has jurisdiction over the subject matter of the Action, Plaintiffs, the Settlement Class Members, and Defendants.

3. Pursuant to Federal Rule of Civil Procedure 23(e), the Court certifies, solely for purposes of effectuating the Settlement, the Settlement Class as follows:

> **All U.S. persons and entities, exclusive of Defendants and their employees or affiliates, who had monies in a Full Tilt Poker Player Account on April 15, 2011, and subsequently were unable to access the monies from their Full Tilt Poker Player Account.**

4. The Court preliminarily approves the Settlement and Agreement as being fair, reasonable and adequate and within the range of possible approval, subject to further consideration at the Final Fairness Hearing.

5. The Court finds that Plaintiffs fairly and adequately represent the interests of the Settlement Class and therefore designates Plaintiffs as Class Representatives of the Settlement Class.

2

CASE NO: 12-CV-00601

6.     The Court designates Wolf Haldenstein Adler Freeman & Herz LLP ("Wolf Haldenstein"), Finkelstein Thompson LLP ("Finkelstein Thompson"), Gustafson Gluek PLLC ("Gustafson Gluek"); and Wolf Popper LLP ("Wolf Popper" and collectively, with Wolf Haldenstein, Finkelstein Thompson and Gustafson Gluek, "Class Counsel") as Class Counsel and Shook & Stone Chtd. as Liaison Counsel.  The Court finds that, based on the work that Class Counsel has done in identifying, investigating and prosecuting the claims in this Action, Class Counsel's experience in handling class actions and the types of claims asserted in this Action, Class Counsel's knowledge of the applicable law and the resources counsel have and will commit to representing the class, Class Counsel has represented and will fairly and adequately represent the interests of the Settlement Class.  The Court authorizes Plaintiffs and Class Counsel to enter into the Agreement on behalf of the Settlement Class, and to bind them all to the duties and obligations contained therein.  Plaintiffs and Class Counsel, on behalf of the Settlement Class, are authorized to take all appropriate action required or permitted to be taken by the Settlement Class pursuant to the Agreement to effectuate its terms.

7.     The Court preliminarily finds, solely for purposes of the Settlement, that this Action may be maintained as class actions on behalf of the Settlement Class because:  (a) the Settlement Class is so numerous that joinder of all Settlement Class Members in the Action is impracticable; (b) there are questions of law and fact common to Settlement Class Members that predominate over any individual questions; (c) Plaintiffs' claims are typical of the claims of the Settlement Class; and (d) Plaintiffs and Class Counsel have fairly and adequately represented and protected the interests of the Settlement Class.

8.     The Final Fairness Hearing shall take place before the Honorable Andrew P. Gordon, on **January 5, 2016** at **9:30 a.m.**, at the Lloyd D. George United States Courthouse, 333 Las Vegas Blvd., South, Las Vegas, NV, in Courtroom **6C**, to determine: (i) whether the proposed Settlement of the Action on the terms and conditions provided for in the Agreement is fair, adequate and reasonable as to the Settlement Class Members and should be approved; (ii) whether the Judgment,

as provided in the Agreement, should be entered; and (iii) the amount of fees, costs and service awards that should be awarded as provided for in the Agreement.

9. The Court will certify this Class pursuant to Fed. R. Civ. P. 23(b)(2) and 23(e). As the terms of the Settlement call for injunctive relief and are subject to the Class Action Fairness Act – and the notice requirements of the Class Action Fairness Act have been satisfied –this Court will not require additional notice to the Class.

10. All proceedings in the Action are stayed pending final approval of this Settlement, except as may be necessary to implement the Settlement or comply with the terms of the Agreement.

11. Pending final determination of whether the Settlement should be finally approved, Plaintiffs, all Settlement Class Members, and any person or entity allegedly acting on behalf of Settlement Class Members, either directly, representatively or in any other capacity, are enjoined from commencing or prosecuting against Defendants, or against any of the Released Parties, any action or proceeding in any court or tribunal asserting any of the Released Claims as described in the Agreement. This injunction is necessary to protect and effectuate the Settlement, this Preliminary Approval order, and the Court's flexibility and authority to effectuate this Settlement and enter judgment when appropriate, and is ordered in aid of the Court's jurisdiction and to protect its judgments.

12. The Court reserves the right to continue the date of the Final Fairness Hearing and retains jurisdiction to consider all further applications arising out of or connected with the Settlement. The Court may approve or modify the Settlement without further notice to Settlement Class Members.

Dated: November 23, 2015.

_____
UNITED STATES DISTRICT JUDGE